FRED GABBERT v. THE STATE OF OKLAHOMA.

No. A-2650.   Opinion Filed October 7, 1916.

(160 Pac. 33.)

1.  APPEAL—Time for Taking Proceedings. Appeals in misdemeanor cases must be filed in this court within sixty days from the date of the judgment rendered by the trial court unless that court, for good cause shown, extends the time not to exceed sixty days additional.

2.  APPEAL—Effect of Delay in Taking Appeal. The filing of an appeal in this court after the expiration of the time fixed by the orders of the trial court as limited by the statute, is fatal to the jurisdiction of this court.

*Appeal from the County Court of Garvin County.*
*Hon. W. R. Wallace, Judge.*

Fred Gabbert was convicted of violating the prohibitory law and appealed. Dismissed.

*A. C. Barrett,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., and *R. E. Bowling,* Co. Atty., of Garvin Co., for defendant in error.

ARMSTRONG, J.   The plaintiff in error, Fred Gabbert, was convicted at the November, 1915, term of the County Court of Garvin county, upon a charge of unlawfully conveying intoxicating liquor to a point in Garvin county, and his punishment fixed at a fine of $100.00 and imprisonment in the county jail for a term of sixty days. Judgment was pronounced on the first day of November, 1915. The appeal was filed in this court on the 8th day of February, 1916.

The Attorney General filed a motion to dismiss the appeal on the ground that the same was not perfected in the time and in the manner provided by law. No answer has been filed to the motion. An examination of the record discloses the fact that the motion was well taken. It is, therefore, sustained.

It is the duty of counsel to perfect appeals from the trial court to this court within the time provided by law and the order of the court.

Appeals in misdemeanor cases must be perfected in this court within 120 days from the date of the judgment. The trial court has no power to extend the time for filing appeals beyond that period. It is uniformly held that the failure to file an appeal within the time provided by the statute and the orders of the trial court is fatal to the jurisdiction of this court and that this court is without jurisdiction to review the record on the merits and have jurisdiction only to dismiss the same and direct the trial court to enforce the judgment and sentence.

The appeal is dismissed. Mandate ordered forthwith.

DOYLE, P. J., and BRETT, J., concur.